UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XADRIAN McCRAVEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-cv-4451 |
| STATE OF ILLINOIS and ILLINOIS ) | |
| DEPARTMENT OF CHILDREN & ) | Judge John W. Darrah |
| FAMILY SERVICES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Xadrian McCraven filed a lawsuit against the State of Illinois and the Illinois Department of Children and Family Services ("DCFS"), alleging three separate counts: (I) denial of equal protection under the Fourteenth Amendment of the U.S. Constitution; (II) violation of the Equal Protection Clause of the Illinois Constitution; and (III) breach of contract. Defendants move to dismiss McCraven's Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This Motion has been fully briefed and is ripe for ruling.

## BACKGROUND

McCraven, a resident of Cook County, Illinois, filed suit against the State of Illinois and DCFS on June 7, 2012. (Compl. ¶ 4.) McCraven was hired as a Public Service Administrator by DCFS in June 2007. (*Id.* ¶ 7.) McCraven joined the American Federation of State, County, and Muncipal Employees, AFL-CIO ("the Federation") in December 2008, and his position as Public Service Administrator was part of the professional bargaining unit under the Federation's Master Contract. (*Id.* ¶ 8.)

The State of Illinois and the Federation regularly negotiate collective bargaining agreements for the bargaining units of employees. (*Id.* ¶ 9.) The agreements cover employee wages, base rates of pay and pay increases, and promotions. (*Id.* ¶ 10.) McCraven was covered by the Master Contract in his role as Public Service Administrator. (*Id.* ¶ 11.) On February 28, 2012, McCraven was placed on administrative leave, while DCFS investigated allegations of his misconduct; and, on March 5, 2012, McCraven was terminated. (*Id.* ¶¶ 12-13.)

McCraven alleges in the Complaint that the State of Illinois and DCFS failed to comply with the grievance and discipline procedures provided for in the Master Contract when terminating him. In Count I of the Complaint, McCraven alleges that his Fourteenth Amendment right to equal protection was violated when Defendants failed to apply the discipline procedure set forth in the Master Contract to him, while applying the procedure to other employees, and seeks relief conferred by 42 U.S.C. § 1983. (*Id.* ¶¶ 16-18.) Count II of the Complaint alleges a similar violation under the Equal Protection Clause of the Illinois Constitution. (*Id.* ¶¶ 19-21.) Finally, McCraven contends in Count III of the Complaint that the State of Illinois breached the Master Contract between it and the Federation when it applied different procedures to McCraven as compared to other similarly situated employees. (*Id.* ¶¶ 23-24.) McCraven moved for a temporary restraining order, seeking a court order requiring Defendants to place McCraven on administrative leave with pay during the pendency of any administrative hearings and litigation; this motion was denied on June 13, 2012.

Defendants move to dismiss all three counts, arguing there is a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or, alternatively, that McCraven failed to state a claim upon which relief may be granted, under Fed. R. Civ. P. 12(b)(6).[1]

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Defendants also move to dismiss pursuant to Fed. R. Civ. P. 4(m), which provides that an action must be dismissed without prejudice if a defendant is not served within 120 days. The rule further provides that the court "must extend the time for service for an appropriate period" if the plaintiff demonstrates good cause for missing the deadline to serve a defendant. Fed. R. Civ. P. 4(m). McCraven represents in his response that he moved orally to extend the time to serve Defendants on November 13, 2012, which was granted at a hearing before the Court. (Resp. at 3-4.) Hence, Defendants' motion to dismiss on the Rule 4(m) basis is denied.

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). At issue in a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail" but whether the plaintiff is entitled to present evidence to support the claims alleged. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense, by motion, a federal court's lack of subject-matter jurisdiction. "When reviewing a dismissal for lack of subject-matter jurisdiction . . . the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999)). However, when a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

**ANALYSIS**

*Suing Entities Under 42 U.S.C. § 1983*

Defendants first attack Count I of the Complaint by arguing that neither DCFS nor the State of Illinois can be sued under 42 U.S.C. § 1983. It is well established that "Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done." *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (*Thomas*) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-70 (1989) (*Will*)). However, a state and state agencies are not "persons" able to be sued under Section 1983, "thus providing a statutory as distinct from a constitutional defense to section 1983 suits against states and their agencies." *Thomas*, 697 F.3d at 613 (citing *Will*, 491 U.S. at 70-71). A court must address a statutory defense before the constitutional defense in order to avoid "unnecessary constitutional decision making." *Thomas*, 697 F.3d at 613 (citations omitted).

"The DCFS is a state agency; it was established by state statute and is funded by the state." *Darryl H. v. Coler*, 801 F.2d 893, 908 (7th Cir. 1986). Therefore, McCraven is precluded from suing either Defendant under Section 1983. Count I of McCraven's Complaint is dismissed on this basis.

*Sovereign Immunity*

Moreover, the Eleventh Amendment provides that each state is a sovereign entity and therefore immune from suit without its consent. *Hans v. Louisiana*, 134 U.S. 1, 13 (1890). However, "Congress has waived sovereign immunity for most forms of prospective relief . . . ." *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008) (citing 5

U.S.C. § 702). A plaintiff can avoid a sovereign immunity bar under the *Ex parte Young* doctrine by seeking prospective, equitable relief. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). Because in Count I McCraven seeks a declaratory judgment that his termination violated the Equal Protection Clause, and further seeks to enjoin Defendants from further violations of the Equal Protection Clause, this claim would not necessarily be barred by the sovereign immunity doctrine.

However, to the extent Counts II and III of the Complaint seek to enjoin a state actor to comport with state law, these claims are barred, as "[i]t is well established that the Eleventh Amendment prohibits a federal court from ordering state officials to conform their conduct to state law." *Komyatti v. Bayh*, 96 F.3d 955, 959 (7th Cir. 1996) (further noting that the doctrine of sovereign immunity relates to jurisdiction, but does not "function as a true jurisdictional bar").

*Failure to State a Claim*

Regardless of the application of sovereign immunity to McCraven's claims, Count I of McCraven's Complaint must also be dismissed for failure to state a claim upon which relief may be granted.

"The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse,* 595 F.3d 691, 695 (7th Cir. 2010) (citing *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591 (2008) (*Engquist*)). "To state a suspect class or class-of-one equal protection claim, a plaintiff must allege that a state actor intentionally treated him differently than

6

others similarly situated." *Glenwood Halsted LLC v. Village Glenwood*, 866 F.Supp.2d 942, 947 (N.D. Ill. 2012) (citing *Harvey v. Town of Merrillville,* 649 F.3d 526, 531 (7th Cir. 2011). Here, it does not appear McCraven alleges he was part of a protected class, so his claim is treated as a so-called "class-of-one" claim.

The Seventh Circuit has acknowledged it is difficult to succeed on a class-of-one claim, as it requires "(1) the plaintiff [to] allege[] that he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). However, the Seventh Circuit, citing the Supreme Court in *Engquist*, has held that "class-of-one claims cannot be based on the highly discretionary and individualized sorts of decisions that public employers must make about their employees." *Abcarian v. McDonald*, 617 F.3d 931, 938-39 (7th Cir. 2010) (*Abcarian*). The Seventh Circuit further held that subjective, discretionary decisions made by the government, like those relating to employment, are immune from class-of-one claims. *Id.* at 939. "[T]he class-of-one theory of equal protection is a 'poor fit' with employment decisions, which are themselves 'often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify' . . . 'a class-of-one theory of equal protection has no place in the public employment context." *Abcarian*, 617 F.3d at 939 (quoting *Engquist*, 553 U.S. at 594, 603-605). Therefore, McCraven cannot state a claim upon which relief may be granted in Count I, which seeks to assert a class-of-one claim on the basis of his termination from public employment.

7

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted. Count I of the Complaint is dismissed without prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and Counts II and III of the Complaint, McCraven's pendent state law claims, are dismissed without prejudice, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). McCraven may file an amended complaint within twenty-one days of the date of this Memorandum Opinion and Order, consistent with the requirements of Fed. R. Civ. P. 11. If McCraven does not file an amended complaint within that time period, this case will be dismissed with prejudice.

Date:   March 27, 2013

_____
JOHN W. DARRAH
United States District Court Judge